## Holmes *vs.* Anderson.

A witness cannot be contradicted by showing that he has, out of court, given an opinion, relative to the subject matter of the suit, inconsistent with the conclusion which the facts sworn to by him on the trial will warrant; especially where it appears that such previous opinion was founded upon what the witness had heard.

The rule which allows a party to impeach a witness by showing that he has made statements, out of court, inconsistent with what he testifies in court, does not extend to such a case.

The statement of the witness, upon which he can be impeached, within that rule, must not only relate to the issue, but it must be a matter of *fact*, and not merely a former *opinion* of the witness in relation to the matter in issue, inconsistent with a different opinion which the facts testified to by him tend to establish.

Motion by the defendant, for a new trial, upon exceptions. The cause was tried at the Chenango circuit in October, 1853, and a verdict was found for the plaintiff. The facts appearing on the trial are stated in the opinion of the court.

*R. Balcom*, for the plaintiff.

*B. F. Rexford*, for the defendant.

*By the Court*, Mason, J. This is an action brought against the defendant for burning a barn of the plaintiff, and for cutting trees, &c. The action was tried at the Chenango circuit in

October, 1853, before Justice Shankland. Upon the trial of the cause it was proved that there were tracks leading to and from the barn, which it was claimed and insisted were the defendant's tracks. It was also proved that the defendant's cattle got into the plaintiff's oats, and damaged the plaintiff. Charles B. Anderson was sworn as a witness for the plaintiff, and gavé material evidence to charge the defendant with the burning; such as that the defendant told him, the night that the barn was burned, that if he, the witness, did not burn the barn, he, the defendant, would, for the reason that the plaintiff was going to let one Manwaring move into it, to live, and he would not have him as a neighbor. That he tried to get the witness to do it, and that he had before told the witness that he would burn it, and that he left the witness' house about twelve o'clock the night the barn was burned. This is substantially the evidence of this witness. It does not however show that the witness knew the defendant to be guilty of burning the barn. Upon his cross-examination he was asked if he did not tell George Anderson and James Shapley, in the presence of Joel Rounds, at the rolling up of the log building where the barn in question was burned, that the defendant was an innocent man; and he answered he had no recollection of saying so. The witness further testified, on his cross-examination, that he did not recollect of saying, after the barn was burned, that he knew the defendant was an innocent man. That he did not recollect of saying, at the defendant's house, a few days after the fire, in presence of Lewis B. Anderson, that John Cumber had described to him the *boots* with which the tracks were made, and that he told Cumber that the defendant had no such boots, or that it could not be him. He also testified that he had no recollection of saying, at the defendant's house, in presence of Lewis B. Anderson, on Tuesday after the fire, that from the description given by Cumber of the tracks, the boots with which they were made could not be the defendant's, for the defendant had no such boots; and he thought he did not say so. At a subsequent stage of the trial, the defendant called Lewis B. Anderson as a witness, who testified that he was a brother of the defendant, and recollected of the burning of

, the barn; that some two or three days after the fire he was at the defendant's house, and Charles Anderson came there, and the defendant was present. The defendant's counsel then asked the witness the following question: "Did the witness, Charles Anderson, say, then and there, that he heard a description of the size of the tracks from John Cumber, and that he told Cumber that the tracks could not be the defendant's, as he knew he had no such boots?" The plaintiff, by his counsel, objected to the witness answering the question, which objection was upon the ground that the evidence was irrelevant, immaterial and incompetent, and that it was collateral, and mere opinion on what he had heard; and that the witness Charles Anderson could not be contradicted on such a matter; which objection was sustained by the judge, and the defendant excepted. The defendant's counsel then asked the witness the following question: "Did he say that, from the description of the tracks as given to him by Cumber, it was Ol. Piggsley who burned the barn, as he was mad at Jim Manwaring?" The plaintiff, by his counsel, objected to the witness answering, which objection was sustained, and the defendant excepted. The defendant's counsel then propounded the following question to the witness: "Did Charles Anderson then and there say, that he knew his brother, the defendant, was an innocent man, or that he knew he was not guilty?" The plaintiff's counsel objected to the witness answering the question, which objection was sustained by the judge, and the defendant excepted. This evidence was properly rejected. None of it was admissible upon any principle known to the law of evidence.

This evidence, if admissible at all, was admissible for the purpose of showing that the facts which this witness had testified to, were inconsistent with the opinions which it is alleged he expressed in regard to the defendant's innocence of this transaction. Every one of the questions propounded to Lewis B. Anderson, for the purpose of impeaching, Charles B. Anderson, fall within this description of questions. Such evidence is not admissible, either upon principle or authority. The case of *Elton* v. *Larkins*, (5 *Carr. & Payne*, 385,) is a direct authority against the admission of such evidence. The action, in that case,

was upon a marine policy of insurance upon a ship. The broker who effected the policy for the plaintiff, testified upon the trial, as a witness for the defendant, that he omitted to make a certain disclosure which it was contended was material, and therefore the omission would avoid the policy ; and on the cross-examination of this witness, he denied that he had said, some time after the policy was effected, that the underwriters had not a leg to stand on, in their defense. The plaintiff called a witness to contradict him, by showing that he had said so, and the court excluded the evidence, upon the ground that the rule which allows a party to impeach a witness, by showing that he has made statements out of court, inconsistent with what he testifies in court, does not extend to such a case. That, in short, the statement of the witness, upon which he can be impeached within the rule stated, must not only relate to the issue, but it must be a matter of fact, and not merely a former opinion of the witness in relation to the matter in issue, inconsistent with a different opinion, which seems to be warranted by his testimony, or in other words, which the facts he testifies to tend to establish. The principle of the case is sound, and must control the case under consideration. The principle is, that a witness cannot be called to show that another witness has, out of court, given an opinion inconsistent with what the facts now sworn to by him will warrant. This case is approved, and the principle of the case adopted by the compilers of Cowen & Hill's Notes, vol. 1, pages 727, 772. But again, the two first questions upon which the contradictions were offered, viz. whether Charles B. Anderson had not declared his opinion from the description of the tracks as given to him by John Cumber, that the tracks could not be the defendant's, as he knew he had no such boots, and that from the description of the tracks it was Ol. Piggsley who burned the barn, could not be admitted, upon any principle. In the first place, it was not competent for Charles B. Anderson to give his opinion, even under oath, as to whether the defendant was guilty or innocent, from the description of the tracks given to him by John Cumber ; nor was it competent for him to give his opinion, whether from such description of the

tracks, Ol. Piggsley burned the barn. Neither was it compe-
tent for the witness, from the description of the tracks as given
him by Cumber, to give his opinion whether it was his brother's
boots or Ol. Piggsley's boots which made the tracks. Such
evidence cannot be admitted. Neither was it competent for
Charles B. Anderson to give his opinion upon the case, whether
the defendant was guilty or innocent of burning the barn. His
opinion on oath could not be allowed to prejudice either party,
as evidence in the case; much less, therefore, can his out-door
statement of his opinion without oath, be allowed to prejudice
the party.

The only remaining question in the case is, as to the defend-
ant's exception upon the rejection of evidence, in folios 100, 101
of the case. The defendant offered to show, by the witness Lewis
B. Anderson, that the claim for damages for trespass of the
defendant's cattle in the plaintiff's oats had been fully settled.
The plaintiff's counsel objected to this evidence, upon the ground
that the evidence would contradict the answer, and be inconsis-
tent with it, and that no such settlement was alleged in the
answer, but only a denial, on oath, of the trespass; and the
court sustained the objection and excluded the evidence. This
evidence was properly rejected, for the reason assigned. There
was no such defense set up in the answer, and it is not admissi-
ble under the general denial. The judgment should be affirmed.

Judgment affirmed.

[Madison General Term, September 12, 1854. *Crippen, Shankland* and
*Mason*, Justices.]