## PATCHIN *against* THE ASTOR MUTUAL INSURANCE CO.

A witness may be asked, on his cross-examination, with a view to his credibility, whether he had not made statements touching a material issue in the cause at variance with his testimony in chief, and if he denies having made such statements, the party against whom he is called may show by other witnesses that he did make them.

Accordingly, when the question was whether a steamer was unseaworthy by reason of an alleged defect and took fire from this cause, and a witness for the plaintiff who was on board at the time of the fire, and competent to give an opinion, testified that she was seaworthy, and gave evidence tending to prove that the fire did not originate by reason of the alleged defect; *and on his cross-examination he denied that immediately after the fire he made certain statements as to the seaworthiness of the vessel and concerning the origin of the fire contradictory of his testimony : *Held*, that it was competent for the defendant to prove by other witnesses that he made such statements, to contradict and discredit him.

APPEAL from a judgment of the supreme court in the 8th district. The action was on a policy of insurance upon seven-eighths of a steamer called the "G. P. Griffith," by

which the defendant insured Richard Sears the sum of $6000 against the usual sea risks upon the lakes, including fire, upon time from the 4th April, 1850, to the 1st day of December following. The plaintiff was the assignee of Sears. At the date of the policy, April 4th, 1850, the vessel was in port, from whence she sailed on the 14th day of that month. On the 17th day of June following, while on a voyage, she took fire and was burned and a number of the passengers and crew perished. The defence was unseaworthiness. It appeared that the steamer was built in the year 1848; that she had two smoke pipes, around each of which was an iron chamber called a " water jacket," which, on its being filled with water, protected the adjacent wood work from taking fire from the heat of the pipe. In the seasons of 1848 and 1849 these jackets had been filled with water when the vessel ran; but upon fitting her out in the spring of 1850, it was found that they leaked and would not hold water; whereupon they were filled up with a composition of clay and sand mixed into a mortar thin enough to pour in, and in this condition she sailed from port. The principal question upon the trial was whether this manner of filling the jackets sufficiently protected her from fire and rendered her seaworthy, the defendant's evidence tending to show that she was unseaworthy for want of water in the jackets and that she took fire from that cause, while on the other hand the plaintiff's evidence had a tendency to prove that the wood work was at a safe distance from the smoke pipes and water jackets, and that the material with which *the latter were filled sufficiently protected the wood [*270 work and that the fire, by means of which the steamer was burned, was not communicated from the pipes, but in some other manner not known.

D. R. Stebbins, one of the plaintiff's witnesses, was the chief engineer and a part owner of the steamer at the time she left port in the spring and until she was burned. He

testified that he fitted her out in the spring and filled her
water jackets with composition as has been mentioned, three
or four days before she went out of port, and that the whole
of the refitting was done under his eye and direction.   He
swore " that he deemed the boat perfectly safe ; he regarded
her safe about the chimney, and that he would not have
gone if he had not considered her so ; he regarded her as
seaworthy. "   On his cross-examination by the defendant's
counsel, he was inquired of whether on coming on shore
when the steamer was burned, he saw a Mr. Heath ?   He
said he did not, to know him.   He further stated in answer
to questions by the defendant's counsel, that he had no
recollection of saying that day " My God! is it possible that
so many lives should be lost, when $500 expended on those
water jackets would have saved the whole, " or of express-
ing that idea.   He said he had no such idea, that he had no
recollection of expressing such an idea to or in the presence
of Mr. Heath.   In a subsequent part of the trial the defend-
ant examined Heath as a witness, and with a view to con-
tradict the testimony of Stebbins, put the following question
to the witness :  " Did Stebbins say ' My God ! is it possible
that boat has burned when $500 laid out on the water jackets
would have saved her ?'"   The question was objected to
by the plaintiff's counsel as incompetent.   The objection
was sustained and the defendant's counsel excepted.

    The plaintiff had a verdict for the amount insured and
judgment was rendered thereon, which was affirmed at a
general term in the 8th district.   The defendant appealed to
this court    There were other questions made and discussed
but the case was disposed of in this court on the exception
above stated.

   *J. L. Talcott,* for the appellant—

*270]       *Insisted that the declarations made by the witness
Stebbins which the defendant offered to prove by

Patchin *against* The Astor Mutual Insurance Co.

Heath, were competent to contradict and impeach him, he having denied that he made them.

*S. G. Havens,* for the respondent—

*Insisted that the declarations of Stebbins offered to [*272 be proved by Heath were properly excluded because : 1st. The witness called to contradict was not asked as to the particular expressions to which the attention of the witness sought to be contradicted was called.  It is not sufficient that the expressions are nearly the same, or may bear the same construction, or even that the substance of the expression is the same.  The identical and particular expression must be used.  In the language of Starkie "he may be asked as to the particular words read from the brief " (1 *Stark. Ev.,* 183 ; *Cow. & Hill's Notes to Phil. Ev., part* 1, 727, 773, 421 ; *Moody & Malk.,* 473 ; 12 *Barb.,* 519) ; 2d. The questions put to Stebbins were collateral and immaterial to .the issue.  (2 *Steph. Nisi Prius,* 1783 ; *Cow. & Hill's Notes to Ph. Ev., part 1st,* 727, 728 ; *Harris* v. *Wilson,* 7 *Wend.,* 57.)  At best the declarations he was alleged to have made, were expressions of opinion only, and on the trial he gave no opinions whatever as to the origin of the fire ; yet even if he had, his former declarations of opinion could not be shown to contradict opinions given on the trial (*Cow. & Hill's Notes, supra*) 3d. The rejected evidence was inadmissible because Stebbins did not, on his direct examination, give any evidence contradictory of the declarations sought to be proved by the rejected testimony ; so that if Stebbins did make the declarations it is averred by defendant's counsel he did, such declarations were not contradictory to his evidence on the trial.  He testified to certain specific facts and circumstances tending to the conclusion that the fire took in the hold of the boat or from some unknown cause and not around the pipes.  He did not testify either as a fact or as a matter of opinion as to where or how the fire did or did not take, consequently his former declarations, whether as

statement of the fact or of his opinion, that the fire took around the pipes or from defects in the boat, could not contradict his evidence on the trial of particular facts and circumstances within his knowledge, tending to establish the conclusion that the fire did not take around the pipes or from such defects.  It is seeking to discredit a witness who has testified to facts within his knowledge, because the facts to which he testifies tend to other conclusions than those to which he had arrived in his own mind and previously expressed to others.  He may have formed an erroneous conclusion from the facts, or his own conclusions may well have been based on what others have told him, or on the opinions of others rather than on the facts within his own knowledge, though the latter was all he could properly give in evidence.

DENIO, J.  I am not able to concur in the ruling by which one of the questions put to the witness, Heath, was excluded.  Stebbins, who was qualified by his avocations and experience and his knowledge of his vessel to give an opinion, had testified in positive language to his belief in her entire seaworthiness.  If it be true that when it was found she had taken fire, he immediately referred the cause of the calamity to the dangerous condition of the water jackets, and made use of the strong and emphatic language attributed to him and which the defendant offered to prove by Heath, it could not be considered otherwise than a grave impeachment of his testimony.  His attention *had been called to the time and occasion and to the person in whose presence the declaration was said to have been made, and he declared that he made use of no such expression and had no such idea.  The slight discrepancy between the expression about which he was examined and the one offered to be proved, was not material.  The substance, so far as was material to the case was identical, and his denial

was not based upon any notion of verbal difference, for he denied entertaining any such idea as the expression suggested. I am satisfied that the judge fell into an error in excluding the evidence. I do not think any of the other rulings were objectionable ; but for the error in overruling the question to the witness, Heath, I am of opinion that the judgment should be reversed and that there should be a new trial.

All the judges except MARVIN, J., who was in favor of affirming the judgment, concurred in the foregoing opinion.

Judgment reversed.[1]

[1] *Gilbert* v. *Sage,* 4 Lans. 287 ; s. c. 57 N. Y. 639. *Schell* v. *Plumb,* 55 N. Y. 592 ; s. c. 46 How. Pr. 11. *New York Guaranty and Indemnity Co.* v. *Gleason,* 78 N. Y. 503.