Bayard *v.* Scanlon.

## New York Marine Court.

*Special Term—December,* 1882.

## EDWARD BAYARD *against* JAMES J. SCANLON.

**Lunatic.—Service of Summons on, when sufficient.—**An appointment of a committee of the person and estate of a lunatic, by a court of competent jurisdiction of another State, does not divest the courts of this State of their ordinary jurisdiction to proceed against the lunatic by action.

Motion to set aside the judgment entered herein, upon the ground that the court had no jurisdiction of the action, or that the action be transferred to the supreme court.

McADAM, J.—[*Inter alia.*]—It is suggested that the court has no jurisdiction because the defendant is a lunatic, and has been so adjudged. The proofs show that the defendant is confined in the Bloomingdale Asylum, in this city, under a warrant signed by a justice of the supreme court, pursuant to the lunacy laws of the State (*L.* 1874, c. 446). No committee of this person or estate has been appointed in this State, and the warrant aforesaid, was issued upon the *ex-parte* proof permitted by said statute.

The plaintiff, at the time of serving process upon the defendant, delivered a copy of the summons and

complaint to Dr. Nichols, the medical superintendent of the asylum, pursuant to an order of the court directing such service. The service thus effected was the best that could be made, and confers jurisdiction (*Code*, §§ 426, 427). On behalf of the defendant, it is made to appear, that he has been judicially declared insane by a court of competent jurisdiction, to wit: by the probate court of the city of St. Louis, in the State of Missouri, and that S. C. Chibb, of that city, has been duly appointed committee of his person and estate. But this appointment is purely territorial and cannot be recognized by our courts as giving such committee any legal *status* here (*In re* Neally, 26 *How. Pr.* 402); the decree of the Missouri court having no extra-territorial effect. When application is made in New York, to extend the powers of the committee over the person and estate of the lunatic in this State, our courts may protect the creditors of the lunatic resident here, by security proportioned to the value of the property which the committee seek to possess in this jurisdiction.

The suggestion that this court should transfer the action to the supreme court is untenable. The warrant issued by the supreme court judge, under the Laws of 1874, *supra*, was the mere act of a committing magistrate, special in its nature, and ending with the commitment.

The motion to set aside the judgment for the reasons stated, must therefore be denied, without prejudice to any subsequent application to open the default taken.

If the committee of the person and estate had been appointed in this State, the creditor's remedy was to apply for relief to the court making the appointment (see *In re* Mason, 1 *Barb.* 441; *In re* Hopper, 5 *Paige*, 489, 490; 2 *Paige*, 422; 13 *Barb.* 424; 2 *Id.* 153; 26 *Id.* 172; *Code*, § 2340).