MARGARET McCLELLAN, ADMINISTRATRIX, ETC., v. THE FORT WAYNE & BELLE ISLE RAILWAY COMPANY.

| | |
|---|---|
| 105 | 101 |
| 105 | 97 |
| 105 | 101 |
| s62ɴW1025 | |
| 130 | 657 |
| 105 | 101 |
| f138 | ¹265 |

*Street railways—Injury to person on track—Contributory negligence—Evidence—Impeachment.*

1. Under the testimony in this case, the questions of the negligence of the defendant and of plaintiff's decedent were properly left to the jury.

2. In an action for negligently causing the death of plaintiff's decedent, who was struck by a street car, and received injuries from which he died, testimony of what appeared by a *post mortem* examination of the decedent is competent as furnishing one of the means of ascertaining what the result of the injury was.

3. The conductor of the street car testified on his direct examination to a state of facts tending to show the exercise of due care on the part of the motorman, and on his cross-examination denied that he stated, shortly after the accident, that it would not have happened if he had had his own motorman. And it is held competent on rebuttal, as tending to impeach the witness, to show that he made said statement.

Error to Wayne. (Frazer, J.) Argued February 15, 1895. Decided April 26, 1895.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinions.

*Edwin F. Conely* and *Orla B. Taylor*, for appellant.

*Alfred Lucking*, for plaintiff.

MONTGOMERY, J. Decedent and a young man named Delling were traveling along Champlain street, in Detroit, riding in a two-wheeled road cart, drawn by a colt three years old, leading another horse. They stopped in front of a residence on Champlain street, and decedent went into the house while Delling remained in the cart. The street at this place is 25 feet and 4 inches in width, and the distance from the north curb to the north rail of the street-car track is 10 feet and 1 inch. While McClellan was on the porch of the house, Delling called to him that a car was coming. He ran out to where Delling was with the horses and cart, and the testimony offered on behalf of the plaintiff tended to show that he went directly to the horse which was being led, and seized hold of the halter shank. The colt became frightened by the noise of the approaching car and the sounding gong, began prancing about, and wheeled upon the track. Delling sawed upon the bit, and tried to back and guide the colt from the track, but did not succeed in doing so. The deceased thereupon ran to the head of the colt, and tried to lead him off the track, but without success. Deceased then proceeded to shove the colt from the track, and while engaged in

doing so was struck by the car, and received injuries resulting in his death. The defendant's testimony tended to show that the colt remained quiet until the car was within eight or ten feet, and then suddenly took one step to the track, and that McClellan at that instant stepped in front of the car, and was struck. The young man Delling, however, testifies that the car was still 100 to 125 feet distant after McClellan had gone to the head of th^ colt, and Miss Williams, a witness for the defendant, testified that she saw the deceased at the head of the colt when the car was 20 to 25 feet away. This was the first she saw of the parties.

It is contended by the defendant that the evidence failed to show negligence on the part of the company, and that negligence on the part of decedent did appear. We think there was sufficient testimony from which the jury might have inferred that the situation was apparent to the motorman, and that it was his duty to bring the car under control, and that he had ample opportunity to do so after discovering the peril to decedent. We also think that the question of whether the decedent was guilty of contributory negligence was for the jury. S^e *Laethem v Railway Co.*, 100 Mich. 297; *Montgomery v. Railway Co.*, 103 Id. 46.

Exception was also taken to the refusal of the court to strike out the testimony of what appeared by a *post mortem* examination of deceased. This testimony was received by the court as one of the means of ascertaining what the result of the injury was, and for this purpose we think was competent.

George H. Fuller, conductor of the car which inflicted the injury, and who testified to a state of facts tending to show the exercise of care on the part of the motorman, was asked on cross-examination if he had not stated, shortly after the accident, to one Mr. Therwachter, that the accident would not have happened if he had had his own motorman. He denied having made such statement. In rebuttal, Therwachter was called, and per-

mitted to testify that such statement was made to him by the witness Fuller. Error is assigned upon this ruling. Counsel for defendant contend that, at most, it would be an expression of opinion by the witness as to what was the cause of the collision. While this is in a sense true, it tended to show an admission on his part that the inexperience or want of care of the motorman was the cause of the collision, which, if true, would be inconsistent with his testimony given in chief. We are cited to no authority to sustain the position of defendant's counsel. A very similar question arose in *Beaubien v. Cicotte*, 12 Mich. 459, 487, in which case one Dr. Smith had testified on his direct examination to the valid execution of a will and the capacity of the testator. He was asked whether he had not on a certain occasion declared that if the family should follow it up they would break the will, for it was not worth a snap of his fingers. This he denied, and testimony was admitted to show that he had made such statement. The Court, speaking by Mr. Justice CAMPBELL, said:

"We think the contradiction comes properly within the rule of impeachment. When a witness testifies on the stand that a paper was duly executed by a competent testator, his statement on another occasion that the instrument was worthless is a clear contradiction on the very essence of the issue. * * * It was in the witness' power, if he saw fit, admitting the conversation, to explain that it was a mere matter of opinion, and based upon the facts sworn to on the trial."

See, also, *Patchin v. Insurance Co.*, 13 N. Y. 268.

We think there was no error to the prejudice of the defendant, and the judgment is affirmed.

McGRATH, C. J., and LONG, J., concurred with MONTGOMERY, J.

HOOKER, J. *(dissenting)*. The plaintiff's intestate and a boy drove in a cart, drawn by a colt, to the residence of a relative of the intestate upon Champlain street, in the city of Detroit. They led a horse behind the cart.

Champlain street was 10 feet and 1 inch wide between the curb and the street railway. Mr. McClellan, the deceased, was called by the boy (who sat in the cart), and ran from the house, where he had called, into the street, to assist the lad to manage the horses, which were restive from the approach of the street car. While thus engaged he was struck and injured by defendant's car, and he subsequently died. From a verdict and judgment for the plaintiff, the defendant has appealed.

Charles Therwachter, a witness for the plaintiff, was asked upon rebuttal about a conversation with Fuller, defendant's conductor upon the car in question. He testified as follows:

"*Q.* Do you remember having a conversation with Mr. Fuller on his car, after the accident, regarding it?

"*A.* Yes, sir. (Objected to as incompetent and immaterial. Objection overruled. Exception for defendant.)

"*A.* He said, if he had had his own motorman on the car at the time of the accident, the accident would not have happened."

This testimony was not only hearsay, but the expression of an opinion; but it is said to be admissible by way of impeachment. Fuller had testified on behalf of the defendant in relation to the accident. He had not been asked to give an opinion about the cause of the accident or the negligence of any one. He simply detailed what he professed to have seen and known. He had not stated that the accident could or could not have been averted had his regular motorman been with him. None of these things would have been competent. Impeachment may consist of showing that a witness has made contrary statements out of court from those made in court upon a subject relevant to the issue. Such statements, when declarations of one not a party to the record, cannot be received as substantive evidence to prove a material fact, for they are hearsay. *Dunn v. Dunn,* 11 Mich. 284; *Fisher v. Hood,* 14 Id. 189; *Howard v. Patrick,* 43 Id. 121; *Hamilton v. People,* 46 Id.

186; *Driscoll v. People,* 47 Id. 413; *McDonald v. McDonald,* 67 Id. 122. But they are received to prove the witness untruthful; to nullify the evidence given, by enabling the jury to say that they believe the witness to be untruthful, and will not credit his testimony. *Howard v. Patrick,* 38 Mich. 795; *Brown v. Dean,* 52 Id. 267; *Catlin v. Railroad Co.,* 66 Id. 358; *Tisman v. School-District,* 90 Id. 510. This was unwarranted in this case, for the statement made out of court was not at variance with any statement of fact made in court. It may be said that the testimony of this witness tended to sustain the defendant's contention, and this testimony was admissible because it tended to show that he had admitted defendant's negligence, out of court, which his testimony tended to disprove; but it would never do to permit the discrediting of a party's testimony by showing that the witness giving it had formed and expressed opinions upon the circumstances which he had related. His opinion as such was not material; so it cannot be said that his denial of the talk with Therwachter could be contradicted. To permit this would be to say, in substance, that the witness' opinion, though erroneous, might be taken by the jury as discrediting a truthful and exact statement of fact upon which it might be based. 2 Phil. Ev. 972; *Elton v. Larkins,* 5 Car. & P. 385; *Holmes v. Anderson,* 18 Barb. 420. That would be to set up a man of straw, that he might be knocked down. The case differs from that of *Beaubien v. Cicotte,* 12 Mich. 487, where a witness who had testified to the competency of a testator was discredited by showing that he had said to another witness that the will could be broken, for it was not worth a snap of his fingers. It also differs from that of *Patchin v. Insurance Co.,* 13 N. Y. 268, where a witness called to prove that a vessel was seaworthy was discredited by showing that in a conversation he had expressed the opinion that she was not seaworthy. In both of these cases it was competent to introduce the opinions of witnesses, for such

opinions were material. Here the conductor's opinion was not material, and does not appear to have been asked or given upon direct examination. Impeachment is not favored, being open to serious abuse, and the rule stated in *Beaubien v. Cicotte* should not be extended to this case, but we should apply the general rule that impeaching testimony must be limited to material matters. The effect of this testimony was doubtless injurious. It was proving that an employé of the defendant, in charge of the car, recognized the fact that the accident might have been avoided, and would have been, had not defendant's car been managed by a substitute, instead of a regular, motorman.

It is unnecessary to discuss the questions of negligence and contributory negligence, as the case might present new or different features upon another trial.

For the error pointed out the judgment should be reversed, and a new trial granted.

GRANT, J., concurred with HOOKER, J.