knowledge of the bank loaning the same. Any other rule of law would enable one member of a partnership to subject the other members thereof to large liabilities for moneys borrowed, even to a corporation which had knowledge of the fact that the moneys were not borrowed in good faith for the purposes of the partnership.

Evidence as to the nature of this partnership and the purposes for which the money was borrowed, and the knowledge of the president of the Bayonne Bank, was sought to be brought out by a cross-examination of the witness Wuppermann, who was a member of the firm. The questions asked by which it was sought to prove these facts were not as direct and to the point as to best indicate the purpose of the examination; but they were sufficient, I think, to indicate to the court the general purpose which the defendants' counsel had in mind to show that the moneys were not borrowed for the purposes of the partnership to the knowledge of the president of the bank. They were sufficient, especially in view of the ruling of the court prior to the asking of such questions, to the effect that it held a general partnership to exist, and that it would not permit in an action brought by the bank or the receiver of the bank upon negotiable instruments, to go into the intimate relations between the partners. It is not necessary here to designate each question and discuss its relevancy to the purpose for which the question might legally be asked. The exclusion of the evidence sought to be introduced, to which exception was duly taken, constituted material error as against the defendants.

The judgment and order appealed from should therefore be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.

---

### In re OATES' WILL.

(Supreme Court, Appellate Division, Second Department. February 28, 1916.)

WITNESSES ☜379—IMPEACHMENT—CONTRADICTORY STATEMENTS.

Where a subscribing witness to a will, on the trial of the issue of testamentary capacity, gave his opinion that the testatrix was of sound mind, and denied that, in the presence of a specified person at a given time and place, he had expressed a contrary opinion, the exclusion of the testimony of the specified person that he had, at the given time and place, said that the testatrix was of unsound mind, was error.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1220–1222, 1247–1256; Dec. Dig. ☜379.]

Appeal from Surrogate's Court, Richmond County.

In the matter of proving the last will and testament of Mary Oates as a will of real and personal property. From a decree admitting the will to probate, John T. Oates appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Richard J. Donovan, of New York City (Herbert D. Cohen, of New York City, on the brief), for appellant.

John G. Clark, of Stapleton, for respondent.

PER CURIAM. A subscribing witness to the will, on the trial of the issue of testamentary capacity, gave his opinion that the testatrix was of sound mind. The contestant laid a foundation for impeachment by asking him if at a given time and place, and in the presence of a specified person, he did not express a contrary opinion, to which inquiry he replied in the negative. The contestant then called the specified person to prove that at the time and place named, and in his presence, the subscribing witness said that the testatrix was of unsound mind. The learned trial court excluded this evidence. In doing so, it committed reversible error. Patchin v. Astor Mutual Insurance Co., 13 N. Y. 268; Larkin v. Nassau Electric R. R. Co., 205 N. Y. 267, 98 N. E. 465; Waterman v. Chicago & Alton R. Co., 82 Wis. 613, 629, 52 N. W. 247, 1136; Sanderson v. Nashua, 44 N. H. 492, 494; Greenleaf on Evidence (15th Ed.) vol. 1, § 449, p. 596.

Decree of the Surrogate's Court of Richmond County reversed, and a new trial ordered; costs to abide the event.