CRONBERGER v. CRAMPTON.

1. MOTOR VEHICLES—NEGLIGENCE—QUESTION FOR JURY.

In action against automobile driver for personal injuries to boy five years and seven months old, testimony that when boy started across street defendant was 236 feet from point of collision, and that he did not see boy before striking him, held, to present question for jury as to defendant's negligence.

2. WITNESSES—IMPEACHMENT—IMPLIED CONTRADICTORY STATEMENTS OPEN TO EXPLANATION.

Where witness testified that she saw boy run out from curb and saw collision, but did not see car before it struck him, statement by her implying that she had seen sufficient of conduct of driver and boy before collision to form judgment as to who was to blame, held, competent in impeachment, but open to explanation by her.

Appeal from Jackson; Williams (Benjamin), J. Submitted January 28, 1932. (Docket No. 92, Calendar No. 35,586.)   Decided April 4, 1932.

Case by Lawrence G. Cronberger against George Crampton for damages sustained when defendant injured plaintiff's son, David Lawrence Cronberger. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial ordered.

*Richard Price* and *Norman E. Leslie,* for plaintiff.

*Bisbee, McKone, Wilson & King,* for defendant.

FEAD, J. Defendant had directed verdict in an action for negligent injuries to plaintiff's son, David, who was five years and seven months of age.

As David was crossing a 30-foot street in a residence district of Jackson, he was struck by defendant's automobile. The testimony most favorable to plaintiff was that, as David started to run across the street, defendant was 236 feet from the point of collision, and that, immediately after the accident, he said he had not seen David before he struck him. If this testimony be true, defendant, in the exercise of ordinary care, would have seen the boy and avoided the accident if he had been driving at a lawful rate of speed and keeping a proper lookout. His negligence was for the jury.

A witness, Mrs. Emens, testified that she saw the boy run out from the curb and she saw the collision, but did not see the car before it struck David. On cross-examination, a prior statement by her was offered, solely for the purpose of impeachment, in which she said:

"I wouldn't say the man was speeding. I don't remember just where he stopped. I thought the

boy was to blame, and didn't notice anything careless about the car driver.''

The statement necessarily implied that the witness had seen sufficient of the conduct of the car driver and the boy before the collision to form a judgment thereon. Her statement was open to her explanation, but was competent in impeachment. *McClellan* v. *Railway Co.*, 105 Mich. 101.

Judgment reversed and new trial ordered, with costs.

Clark, C. J., and McDonald, Sharpe, Wiest, and Butzel, JJ., concurred with Fead, J.

North, J. I concur on the first ground noted.

Potter, J., concurred with North, J.