OLIVER C. JOSLIN v. ALONZO LE BARON.

*Negligence—Collision of vehicles.*

There is no error in refusing to charge on specific points that are practically covered by other instructions.

Leaving a buggy standing at an angle to the beaten track and so near that by backing one foot it would be in the way of passing vehicles, is negligence.

Where a charge is based on the theory that the question of negligence is for the jury, it is not error to omit to state that rule.

Where a jury finds that a party was traveling in a beaten track there can be no finding that he was on the wrong side of the road.

One who is guilty of contributory negligence cannot recover for negligent injury.

There is no presumption of negligence in not turning out of the traveled track to avoid colliding with a team hitched by the roadside, but negligence must be proven.

Error to Clinton.   Submitted June 15.   Decided June 23.

TRESPASS on the case for damages.   Plaintiff brings error. Affirmed.

*Randolph Strickland* for plaintiff in error.   Failure to turn out seasonably to avoid striking a vehicle left standing by the roadside is *prima facie* evidence of negligence :   *Burdick v. Worrall* 4 Barb. 596 ; negligence is not a question of law, but is a question of fact for the jury : *Chicago & Alt. R. R. v. Pennell* 21 Alb. L. J. 214, 1880 ; *Southworth v. Old Colony R. R.* 105 Mass. 342 ; *Eilert v. Green Bay & Minn. R. Co.* 48 Wis. 606.

*A. Stout* for defendant in error.

CAMPBELL, J.   This case which was before us at a former term (*Le Baron v. Joslin* 41 Mich. 313) now comes up on error after a second trial in which defendant prevailed.   As the chief facts appear very much as they did before, a brief reference will be all that is needed.

Joslin sued Le Baron for driving his wagon against a wheel of plaintiff's buggy and breaking it. Joslin had hitched his team to a post by the side of a travelled highway, in such a manner that the buggy stood out diagonally in the street between sixteen and seventeen feet. The finding of the jury shows that this brought the wheels so near the track which was actually travelled that when Le Baron's wagon was passing along the way Joslin's horses backed the buggy about a foot so as to produce the collision. Joslin claimed Le Baron should have left the track which was actually taken, and turned out. Le Baron claimed that the occurrence was either accidental or owing in part to Joslin's own carelessness. He also claimed that there was no negligence at all on his part. The jury having found the plaintiff had no cause of action, must have done so either because the injury was accidental, or due in part at least to Joslin's carelessness. Joslin insists the charges were misleading.

The court expressly charged, at his request, that plaintiff in hitching his team as he did, was not guilty of negligence if he did what a man of usual and ordinary prudence should do. It was also charged that in passing a team and carriage hitched by the road side with no one present or in charge, as much diligence was required as in passing a team and carriage in charge of a driver. The case was considerably narrowed by these charges and by the finding that had it not been for the backing of Joslin's team, defendant who was driving in the beaten track would not have hit the wheel.

The court could not be in error in refusing to charge on specific points which were practically covered by other charges, any more than if they were wrong or ambiguous. It was not necessary to lay down the abstract rule that the question of negligence was for the jury when the whole charge was framed on that basis. As the jury found the defendant was traveling in the beaten track there could not be a finding that he was on the wrong side, and he could not be presumptively in fault for not turning out of it, but negligence in not doing so must be proved. There was no error in refusing to charge otherwise.

But we think that when it is found that Joslin left his horses so hitched that so slight a backing as they made would necessarily bring the wheel into the travelled track, that was such negligence in itself as would preclude him from complaint for such a mishap. Nothing else could be expected without very considerable care and forethought on the part of passers-by, and as even their negligence would create no liability if he was negligent, the cause of action cannot be made out under such a finding.

We think there was no error, and the judgment must be affirmed with costs.

The other Justices concurred.