## WILLIAM LITTLE v. THE STREET RAILWAY COMPANY OF GRAND RAPIDS.

*Contributory negligence—Directing verdict—Province of trial court.*

It is error to direct a verdict for the defendant in a negligence case on the ground of plaintiff's contributory negligence, when, in order to convict plaintiff of such negligence, it is necessary to *assume* that he must have heard what other unimpeached witnesses did not hear, or seen what they did not see.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued October 9, 1889. Decided December 28, 1889.

78  205
90  415
90  573
90  605

78  205
120  126

78  205
s44NW  137
130  657

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Crozier & Cutler (Blair, Kingsley & Kleinhans,* of counsel), for appellant.

*Montgomery & Bundy,* for defendant.

CAMPBELL, J. Plaintiff, while digging in a sewer-connecting ditch in a street in Grand Rapids, was struck in the back by the projecting foot-board of an open passenger street-car, and badly injured. He sued defendant for damages, but the court below took the case from the jury on the ground of contributory negligence.

The testimony showed that a public sewer runs down the middle of South Division street, between two parallel tracks of defendant's railway. Plaintiff, with another person, was employed to dig a ditch from a lot owned by Mr. Barnes on the east side of the street to this sewer, for the purpose of making a drainage connection with it. This work was authorized by the proper city authority. The space between the curb and the sewer was 17 or 18 feet, and from the curb to the railway track less by the width of the track or thereabouts. They had dug down about three feet from the surface, and in digging threw out earth on the north side, and gravel a few inches on the south side, bringing the depth to the height of a man's waist. Plaintiff was digging at the time of the injury with his face towards the sidewalk, and throwing dirt on the north side of the trench, which was nearly four feet wide on top. This turned his face a little northward, making it necessary to turn his head to look southward. He was standing, when upright, not very far inward from the rail. The car moving rapidly northward, he was first struck, according to some of the witnesses, by the end of the whiffletree of the off-horse,

and thrown back or moved back so as to come in reach of the edge of the foot-board. The blow does not seem to have been a square blow with the end of the board, as it broke no bones, but injured him internally.

The tracks in question extend southward from the place of the accident about 700 feet to Hall street, and then turned at a right angle eastward along Hall street a short distance. Cars going south took the west track, and returned on the east track. The car in question had a few minutes before gone down the west track, and, being behind time, or for some other reason, passed at a much faster rate than usual, which, according to several of the witnesses, was from one and a half to one and two-thirds the ordinary and legal rate of six miles an hour, which would make the running time from Hall street considerably less than a minute; and if the speed southward was also accelerated, as seems to be indicated by some testimony, would bring the return still further within the usual interval.

That the driver was negligent is hardly questioned, and negligent to a gross degree, not only in driving very fast, but in doing so without keeping any lookout ahead whatever. The only question is whether plaintiff was so unequivocally negligent that there were no facts for the jury.

It is not disputed that he was engaged in lawful work, and he was doing it in a lawful way. It was, like all other manual labor, such as required his attention to do it properly. He had also a right to expect that the cars wound not be run in any unusual way, or carelessly. It was also his own duty to keep a reasonable degree of care on such perils as were incident to the work, as it was that of the defendant to avoid any careless interference with the rights of those lawfully working near the track, and to avoid doing mischief.

Plaintiff swore positively that he did not hear the car coming. Although there was some conflict, there was evidence which indicated that there were street noises which deadened the sound of the car, such as it was. Several witnesses who had the same opportunity as plaintiff, if not better, swore they did not hear the bells or any other noise that drew their attention. Plaintiff swore, and is corroborated in the statement, that he looked towards Hall street at short intervals, and did not see the cars, when, if they had been going at the usual rate, they would have been some distance nearer than the corner. Defendant introduced no testimony at all, and, in order to convict plaintiff of negligence, it was necessary to assume that he must have heard what other unimpeached witnesses did not hear, or seen what they did not see. To assume, in the face of testimony to the contrary, that there were bells that made such a noise as should have given warning of their coming to all persons, or that the noises of the street must have had no effect in deadening the noise of the car in its approach, is to go beyond the province of the court, and prevent the jury from passing on pertinent facts. That plaintiff took some precautions is shown affirmatively. It was for the jury to say whether, under all the circumstances, he was so remiss that failure to actually hear or see the car in its approach, so as to avoid it, is his own fault, so as to make him responsible for his own hurt. The case should not have been taken from the jury.

Judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.