CLARA L. RASCHER v. THE EAST DETROIT & GROSSE POINTE RAILWAY COMPANY.

*Street railways—Negligence—Collision.*

Plaintiff was run into by one of the defendant's cars, operated by electricity, while being driven home by her husband, after dark, upon its track. The car was not lighted, and had no head-light, and was running at the rate of 15 or 20 miles an hour. And it is held:

*a*—That the plaintiff was not negligent in driving upon the track, she having the same right to travel upon it as the railway company, save that it was her duty, when she met a car, to get off, and give the car precedence.

*b*—That the right of the railway in the street is only an easement to use the highway in common with the public, and it has no exclusive right of travel upon its track, and is bound to use the same care in preventing a collision as is the driver of a wagon or other vehicle.

*c*—That the question whether, being on the track, the plaintiff and her husband used reasonable diligence and ordinary care to prevent collision, was one for the determination of the jury; citing *Little v. Railway Co.*, 78 Mich. 205.

*d*—That it was admissible for the plaintiff to show that the public were in the habit of driving and traveling on the railway track, as bearing upon the question of defendant's negligence in running a car without a head-light, or any light at all, upon the street after dark.

*e*—That a street-car ought to be lighted in the night-time, so that its approach can be seen by other travelers; and between twilight and dark, if not lighted, it ought to be run so slowly as to avoid collision, or else give by some signal warning of its approach.

*f*—That the question of defendant's negligence under the testimony was for the jury.

Error to Wayne. (Brevoort, J.) Submitted on briefs January 15, 1892. Decided March 4, 1892.

Negligence case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*A. H. Wilkinson,* for appellant.

*William H. Wells,* for defendant.

MORSE, C. J. Action for negligent injury. The case was taken from the jury by the circuit judge on the ground of the contributory negligence of the plaintiff.

The evidence shows that the defendant operates an electric street-car line on Mack street, in the city of Detroit; that its track is laid in the center of the street, and on the crown of the road-bed, at the place where the accident occurred. The street is bad for driving, there being deep ditches on each side of the street; and the best place to drive a team is on the railway track.

Plaintiff resided on this street, and on November 27, 1889, was being driven home by her husband from the place where he worked. The vehicle was a top-buggy, drawn by one horse. At this time the electric railway had been in operation four or five months. Plaintiff and her husband came onto Mack street at its intersection with Gratiot avenue. When they reached Mack street, the husband testified that he looked to see if a car was coming, and did not see any. He could have seen an approaching car with head-light a mile and a half or two miles from where he looked. They drove on the track all the way. The husband saw no light or car until his wife exclaimed, "Oh, Herman, there is the car!" The horse was then on his hind feet, and he undertook to "lash him" off the track. The horse and front wheels got off, but the car struck the left hind wheel of his buggy, throwing the plaintiff out and injuring her. There was no head-light on the car, and it was dark. The car was not lighted at all, either inside or out. It was running at the rate of 15 or 20 miles an hour. Before this time the cars upon that line were in the custom of using head-lights when running after dark.

The plaintiff herself testified that when they got to Mack street she looked up the street, and could see no car or light. After she started she did not look particularly for a car, as she thought, if there was one coming, they could see the light in time to avoid it. The first she knew of the approach of the car she saw a little blue flame on the trolley-wire; then she saw the glass glitter in the car-window, and called to her husband, who at once attempted to get out of the way.

The plaintiff was not negligent in driving upon this railway track. She had the same right to travel upon it as the railway company, save that it was her duty, when she met a car, to get off, and give the car precedence. But she was not a trespasser upon the track in any sense. The right of the railway in the street is only an easement to use the highway in common with the public. It has no exclusive right of travel upon its track, and it is bound to use the same care in preventing a collision as is the driver of a wagon or other vehicle. Beach, Contrib. Neg. § 89; *Adolph v. Railroad Co.*, 65 N. Y. 554; *Railroad Co. v. Hanlon,* 53 Ala. 81; *Shea v. Railroad Co.*, 44 Cal. 428.

The question whether, being on the track, the plaintiff and her husband used reasonable diligence and ordinary care to prevent collision, was one for the determination of the jury. *Little v. Railway Co.*, 78 Mich. 205. The testimony shows that another person, some distance behind the plaintiff, did not see or hear the car until it was right upon plaintiff, and such was its speed that he was also unable to get away, and had his rig upset.

We think it was admissible to show on behalf of the plaintiff that the public were in the habit of driving and traveling on the railway track, as they had a perfect right to do, as bearing upon the question of defendant's

negligence in running a car without a head-light, or any light at all, upon this street after dark.

It is the contention of defendant's counsel that a street-car is a vehicle, the same as a wagon or omnibus, and is no more bound than any other vehicle to carry a head-light, or to give signals or warnings of its approach, and that there is no stronger reason why street-cars should carry head-lights as signals to other travelers than other vehicles.

This is not the law. A street-car can neither turn to the right nor left. It runs with greater rapidity and with greater momentum than a wagon or omnibus; therefore greater caution must be taken in its running to avoid collision. It ought to be lighted in the night-time, so that its approach can be seen by other travelers; and between twilight and dark, if not lighted, it ought to be run so slowly as to avoid collision, or else give by some signal warning of its approach. Street-cars have precedence, necessarily, in the portion of the way designated for their use. This superior right must be exercised, however, with proper caution and due regard for the rights of others; and the fact that it has a prescribed route does not alter the duty of the defendant to the public, who have a right to travel upon its track until met or overtaken by its cars.

The question of defendant's negligence under the testimony in this case was for the jury.

The judgment is reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.