EMIL C. LAETHEM v. THE FORT WAYNE & BELLE ISLE RAILWAY COMPANY.

*Street railways—Injury to person on track - Contributory negligence—Question for jury.*

1. Where the driver of a street car sees that the driver of a sleigh, which is standing so near to the car track as to necessitate its

| | |
|---|---|
| 100 | 297 |
| 105 | 54 |
| 105 | 103 |
| 100 | 297 |
| 109 | 86 |
| 100 | 297 |
| f118 | 6 |
| 100 | 297 |
| 124 | 453 |
| 100 | 297 |
| d128 | 374 |
| 100 | 297 |
| s58NW | 996 |
| 130 | 657 |
| 100 | 297 |
| je134 | ²144 |

being struck by the car unless it is removed or the car is stopped, cannot remove his sleigh before the car reaches it, it is the duty of the car driver, if able so to do, to stop his car, and thus avoid the threatened collision.

2. Where in such a case the car is not stopped, and a collision occurs, and, on the trial of a suit brought by the driver of the sleigh to recover damages for the injuries thereby sustained. the evidence tends to show that the plaintiff, who was a milk deliverer, had stopped his sleigh close to the car track to enable him to transfer a can of milk to the sleigh of a customer, which was standing alongside plaintiff's sleigh, and as close to the street curb as it could get on account of a snow-drift which lay between it and the curb, and that, just as plaintiff was transferring the milk, he saw the car coming, and completed the transfer, and reached for his lines, but, before he could get out of the way, the car struck his sleigh and injured him, it is a question for the jury to determine whether the plaintiff should have had his sleigh out of the way before the car reached the point where the collision oc·urred, or whether the collision took place wholly by reason of the negligence of the car driver in failing to stop his car.

3. While under an ordinance which provides that street cars "shall at all times be entitled to the track, and any vehicles upon the track shall turn out when any car comes up, so as to leave the track unobstructed," and that the driver of any such vehicle who refuses to turn out shall be liable to a fine, etc., it is true that parties driving upon a street-car track, or so close to it as to impede the progress of the car, are bound to turn out, and give the car the right of way, the ordinance does not give·the street-railway company the right, by its drivers, to run any vehicle down and injure the person or property of another, under the circumstances stated in the preceding head-notes.

Error to Wayne. (Hosmer, J.) Submitted on briefs April 6, 1894. Decided May 18, 1894.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor*, for appellant.

*James H. Brewster*, for plaintiff.

LONG, J. This is an action brought to recover for

injuries sustained by the alleged negligence of the defendant company.

The defendant operates a single-track street railway with horses in the city of Detroit. The plaintiff, on January 6, 1893, in the morning, was driving his milk sleigh on Champlain street. He stopped his sleigh, and took a can of milk from it into the sleigh of Miss Le Fevre, standing alongside of his. There was a snowdrift near the curb. Miss Le Fevre's sleigh stood near the drift, and the plaintiff's between hers and the railway track. The sleighs were close together, and the plaintiff's stood very near the track. As the plaintiff was lifting the can out, with his horse headed towards the west, a two-horse car came from the west; and, before he could put the can into the other sleigh and get out of the way, the car struck his sleigh, overturned it, and injured him. As he saw the car nearing his sleigh, he threw the can into the other sleigh, and reached for his lines. He knew that the car was coming, and that it overhung the track, and that his sleigh was so close that it might be struck. The driver of the car saw the plaintiff's sleigh, but drove on without making any stop. Under these circumstances, the court directed the jury to determine whether the defendant exercised reasonable care, and whether the plaintiff, in the management of his sleigh as it stood there in the street, was exercising due care, and instructed them that if they found from the evidence that the plaintiff, while in the exercise of due care, was injured by the negligent driving of the defendant's servant, the plaintiff should recover. The jury returned a verdict in favor of the plaintiff for $300. Defendant brings error.

Defendant's counsel cite certain other facts appearing from the testimony, and upon which it is claimed the court should have directed a verdict in favor of defendant. It is said by them that the plaintiff and Miss LeFevre were

engaged there two or three minutes before the car struck the sleigh; that it is clear that the car was not only in sight of the plaintiff, but very near him, when he placed the can upon the edge of Miss LeFevre's .sleigh, and yet he did not look for a car until he had placed himself in this dangerous position; that, had he looked, he would have seen the car coming; that he knew cars were in the habit of passing along there frequently, as he had driven over that street every day for three or four years; that he was negligent, therefore, in attempting to put the can out of his sleigh into hers without looking for a car, when he knew that his sleigh stood in such close proximity to the track that it might be struck by a passing car. It is contended that there was no excuse for deliberately putting himself in a place of danger.

We think the question was one for the determination of the jury. As was said in *Rascher v. Railway Co.*, 90 Mich. 413, 415:

"The right of the railway in the street is only an easement to use the highway in common with the public. It has no exclusive right of travel upon its track, and it is bound to use the same care in preventing a collision as is the driver of a wagon or other vehicle."

It is said by counsel for defendant, however, that the case is ruled by *Joslin v. LeBaron*, 44 Mich. 160, as the plaintiff deliberately placed himself in a place of danger. The facts in that case were that the plaintiff left his team unattended, so that the buggy to which they were attached stood diagonally out into the street, and so near the traveled part that, by backing one foot, it would be in the way of passing vehicles. His buggy was struck and injured by a passing vehicle. He brought suit for the injury, and his claim was that the defendant should have turned out so as to avoid the collision. But the Court said:

" We think that, when it is found that Joslin [plaintiff] left his horses so hitched that so slight a backing as they made would necessarily bring the wheel into the traveled track, that was such negligence, in itself, as would preclude him from complaint from such a mishap."

It appeared from the findings in that case that, when defendant's wagon was passing along the highway, plaintiff's horses backed the buggy about one foot, so as to produce the collision; and, had it not been for the backing of Joslin's team at that minute, defendant, who was driving in the beaten track, would not have hit the wheel of plaintiff's buggy, and caused the injury. The questions of fact in that case were submitted to the jury, and they found that the defendant was not guilty of negligence, as the accident would not have happened had not plaintiff's team backed up, and it appeared to have been left there unattended.

In the present case the driver of the car saw the situation, and must have known that if he continued on, and the plaintiff did not move, the car would necessarily strike the sleigh. Instead of stopping, he continued on; and it was a question of fact for the jury to determine whether the plaintiff, under the circumstances, should have been out of the way when the car reached that point, or whether the accident occurred wholly by reason of the negligence of the driver of the car. He could have stopped his car, and avoided the injury. If he saw the plaintiff could not get out of the way in time to avoid a collision, it was his duty to stop the car.

But it is contended by defendant's counsel that, by the ordinance under which the road is operated, the car is at all times entitled to the track. Section 15 of the ordinance provides:

"The cars shall at all times be entitled to the track, and any vehicles upon the track shall turn out when any car comes up, so as to leave the track unobstructed; and

the driver of any vehicle refusing to do so shall be liable to a fine not exceeding ten dollars upon conviction," etc.

It is true that, under this ordinance, parties driving upon a street-car track, or so close to it as to impede the progress of the car, are bound to turn out, and give the car the right of way; but this ordinance does not give railway companies the right, by their drivers, to run any vehicle down and injure the person or property of another, under the circumstances stated in this case. The plaintiff's claim was, and his testimony tended to show, that, when he did see the car coming, he made every effort possible to get out of the way. His sleigh was in full view of the driver, and, if the driver saw that he could not get out in time, he should have stopped. Whether the plaintiff was guilty of negligence in remaining there the length of time he did, or in not having seen the car sooner, was a question for the jury. Under a proper charge from the court, the jury found that question in favor of the plaintiff.

The judgment is affirmed.

The other Justices concurred.