KING *v.* GRAND RAPIDS RAILWAY CO.

1. STREET RAILWAYS — CONTRIBUTORY NEGLIGENCE — SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.

The doctrine of subsequent or discovered negligence is applicable to an action for personal injuries sustained by plaintiff who stopped his automobile on defendant's street car tracks to permit a third person to get in, remaining about half a minute in that situation after looking for a car and seeing none approaching, the engine of the automobile running and the car coming up without giving a signal, striking the machine as plaintiff was

trying to clear the track, the evidence showing that the motorman had a clear view of the track for 340 feet. STEERE, C. J., and MOORE and BROOKE, JJ., dissenting.

2. SAME—TRESPASSERS—NEGLIGENCE.

Plaintiff was in no sense a trespasser, and if the motorman, after discovering that plaintiff was on the track, failed to take reasonable precautions to avoid injuring him, the precedent negligence of plaintiff was no defense.[1]

Error to the superior court of Grand Rapids; McDonald, J., presiding. Submitted January 13, 1913. (Docket No. 93.) Decided September 30, 1913.

Case by George W. King against the Grand Rapids Railway Company for personal injuries. Judgment for defendant, on a verdict directed by the court. Plaintiff brings error. Reversed.

*Lombard, Hext & Washburn,* for appellant.

*Kleinhans & Knappen (M. L. Dunham,* of counsel), for appellee.

MOORE, J. *(dissenting).* From a directed verdict in favor of the defendant, this case is brought here by writ of error.

Hall street in the city of Grand Rapids runs east and west. It is intersected by Madison avenue running north and south. The plaintiff is a physician and had an office on the west side of Madison avenue about five doors north of Hall street. On the north side of Hall street, a short distance east of Madison avenue, is a garage in which plaintiff kept his automobile. The defendant company has a double track in Hall street upon which it ran its cars. The street was practically level east of the garage for a distance of about 340 feet, after which there was a hill to Union street, where the car line turned south. A per-

---

[1] On the question of the duty of operator of automobile when near street cars, see note in 38 L. R. A. (N. S.) 493.

son upon the street car track in front of the garage had an unobstructed view to the east for at least 340 feet, and of course the motorman of a street car had a like unobstructed view of the track to the west.

On the 2d day of June, 1911, the plaintiff with a young man went to the garage for the purpose of obtaining his automobile. The plaintiff drove his automobile out of the garage into the street with his machine headed slightly toward the east, as he was expecting to go in that direction. Upon reaching the street he looked in both directions and there was no street car in sight. He thereupon stopped the car upon the west track and turned about, watched the young man close the door to the garage, and waited for him to come to the machine. He left the engine running during this time. This occupied approximately one-half minute. Just as the young man got into the automobile, the plaintiff discovered a street car coming at what he says was a high rate of speed. He immediately attempted to get clear of the track. His machine responded but not in time to escape being struck. As the result of this collision, the automobile was crushed and the plaintiff injured. This occurred in broad daylight.

Upon the trial of the cause, after the testimony offered in behalf of the plaintiff was in, defendant swearing no witnesses, the trial judge directed a verdict of no cause of action upon two grounds:

*First.* That the plaintiff was guilty of contributory negligence as a matter of law in stopping his car upon the street car track and remaining there during the time mentioned.

*Second.* That the principle of subsequent or discovered negligence would not apply because the plaintiff was guilty of concurrent and continuous negligence.

The only question is: Did the court err in directing a verdict? Counsel discuss two propositions:

"(1) That the plaintiff was not guilty of contributory negligence as a matter of law.,

"(2) If he was guilty of contributory negligence as a matter of law, yet the defendant was guilty of subsequent and discovered negligence."

We will discuss these two propositions in the order named. Under the first head counsel say:

"There is no rule of law requiring one to give a street car an absolute right of way. We concede that it would have been his duty to get off the track as soon as he could consistently, after discovering the approach of the car, and the evidence here shows that he made every effort to get away as soon as he knew of the presence of the car. Upon this question we call the court's attention to the following cases where it seems to us the propositions we have stated are fully sustained: *Rascher* v. *Railway Co.*, 90 Mich. 413, 415 [51 N. W. 463, 30 Am. St. Rep. 447]; *Laethem* v. *Railway Co.*, 100 Mich. 297 [58 N. W. 996]; *Manor* v. *Railway Co.*, 118 Mich. 1 [76 N. W. 139]; *Quirk* v. *Railway*, 130 Mich. 654, 656 [90 N. W. 673]; *Ablard* v. *Railway*, 139 Mich. 248 [102 N. W. 741]. These cases hold that street railway companies do not possess the exclusive right to that portion of the highway covered by their tracks, but that the ordinary traveler upon the highway has the right to use every portion of the highway, including the strips between the rails. And he is only required to yield this right when his presence upon the track will unnecessarily blockade or delay the passage of cars."

A reference to these cases undoubtedly discloses the rule to be that street cars do not have an exclusive right to the street, but none of them suggest that, where one knows, as did the plaintiff, that a street car might appear at any time having the right to run under the ordinance at the rate of 15 miles an hour, he might without negligence stop his automobile on the street railway track in the middle of 'the block without any reason for doing so and remain with his head turned so he could not see an approaching car for a half minute or more. We think it may

be said this was not the act of a reasonably prudent man. See *Lyons* v. *Railway Co.*, 115 Mich. 114 (73 N. W. 139) ; *Merritt* v. *Foote*, 128 Mich. 367 (87 N. W 262), and the many cases cited therein; *Cardinal* v. *Railway Co.;* 165 Mich. 155 (130 N. W. 627) ; *Stevenson* v. *Railway*, 167 Mich. 45 (132 N. W. 451).

2. Was the motorman shown to be guilty of subsequent or discovered negligence? It already appears that no witnesses were sworn for defendant. There is nothing in the testimony to indicate that the motorman had reason to suppose the machine was stalled upon the track and that it would not at once move away. There is nothing to show that, after the motorman discovered that plaintiff would not drive off the track in time to avoid a collision, the motorman failed to do what he could to avoid an accident. Can it be said that negligence on the part of the motorman, if there was negligence, to discover that the plaintiff was in danger is the equivalent of discovered danger?

In *Fritz* v. *Railway Co.*, 105 Mich. 50 (62 N. W. 1007), Mr. Justice MONTGOMERY, speaking for the court, said among other things:

"But it is said that there was testimony from which the jury might have inferred that the plaintiff's position was discovered in time to enable the defendant to avoid the collision. It is a rule recognized by repeated decisions of this court, and maintained by text-writers, that the fact of a precedent negligence of plaintiff, resulting in producing a situation or a condition known to defendant, who, after the discovery of such condition, may, by the exercise of care, avoid injury, is not a contributory cause to an injury thereafter produced by the disregard of this discovered condition. One of the earliest cases to lay down this rule is *Davies* v. *Mann*, 10 Mees. & W. 546. This rule is well stated in Bish. Non-cont. Law, § 466:

" 'It is sometimes very correctly said that, if one discovers another to have been negligent, he must take precautions accordingly, omitting which he is liable to the other for the damages which follow from his own want of care, for, how-

ever nearly related two separate negligences may be, the one cannot bar an action for the other unless it is contributory, and, though an unseen position might contribute to an accident, a discovered one cannot.'"

· In *Drown* v. *Traction Co.*, 76 Ohio St. 234 (81 N. E. 326, 10 L. R. A. [N. S.] 421, 118 Am. St. Rep. 844), the court said in part:

"The doctrine of the 'last chance' has been clearly defined by a well-known text-writer as follows:

"'Although a person comes upon the track negligently, yet if the servants of the railway company, *after they see* his danger, can avoid injuring him, they are bound to do so.' * * * 2 Thompson, Negligence § 1629.

"'* * * Now, it must be apparent, upon even a slight analysis of this rule that it can be applied only in cases where the negligence of the defendant is proximate and that of the plaintiff remote; for if the plaintiff and the defendant both be negligent and the negligence of both be concurrent and directly contributing to produce the accident, then the case is one of contributory negligence pure and simple. But if the plaintiff's negligence merely put him in the place of danger and stopped there, not actively continuing until the moment of the accident, and the defendant either knew of his danger, or by the exercise of such diligence as the law imposes on him would have known it, then, if the plaintiff's negligence did not concurrently combine with defendant's negligence to produce the injury, the defendant's negligence is the proximate cause of the injury and that of the plaintiff is a remote cause. This is all there is of the so-called doctrine of 'the last clear chance.' * * *

"It is clear, then, that the last chance rule should not be given as a hit or miss rule in every case involving negligence. It should be given with discrimination. * * * But further, there is testimony tending to prove that the plaintiff's team was driven upon the street railway track in the nighttime, ahead of the car, and that it continued on the track for a distance of 250 feet until struck by the car, without taking any precaution to avoid accident. Assuming that the defendant was negligent in not seeing the buggy on the track and in not avoiding the accident, yet the plain-

tiff's negligence was continuous and was concurrent at the very moment of the collision. It proximately contributed to the collision, for without it the collision would not have occurred. There was no new act of negligence by the defendant which was independent of the concurrent negligence and which made the latter remote. Therefore there was no place in the case for the doctrine of 'the last clear chance.'

"There is a case, which was decided in the sixth circuit, which will illustrate our views, and a reference to it may save some further discussion. It is the case of *Lake Shore, etc., R. Co.* v. *Callahan*, 2 Ohio Cir. Ct. R. (N. S.) 326; s. c., 15 O. C. D. 115. A railroad section man, in obedience to an order by his foreman, started to walk along the track with his back to a locomotive 200 or 300 feet away, but without observing whether the engine was standing still or running backward, and he walked along the track for 75 feet without paying any further attention to the engine, which was in fact backing toward him, and was struck by it and injured. The court held that it was a case of concurrent negligence, continuing to the moment of the injury, that the doctrine of 'the last chance' did not apply, and that plaintiff was guilty of contributory negligence."

In *O'Brien* v. *McGlinchy*, 68 Me. 552, the court said in part:

"Generally, it is a defense to an action of tort that the plaintiff's negligence contributed to produce the injury. But in cases falling within the foregoing description, where the negligent acts of the parties are distinct and independent of each other, the act of the plaintiff preceding that of the defendant, it is considered that the plaintiff's conduct does not contribute to produce the injury, if, notwithstanding his negligence, the injury could have been avoided by the use of ordinary care at the time by the defendant. This rule applies usually in cases where the plaintiff or his property is in some position of danger from a threatened contact with some agency under the control of the defendant when the plaintiff cannot and the defendant can prevent an injury. * * * But this principle would not govern where both parties are contemporaneously and actively in fault, and by their

mutual carelessness an injury ensues to one or both of them."

See *Fort Worth, etc., R. Co.* v. *Shetter*, 94 Tex. 196 (59 S. W. 533) ; 2 Nellis on Street Railways (2d Ed.), § 462; *Bennichsen* v. *Railway Co.*, 149 Cal. 18 (84 Pac. 420).

In the instant case the plaintiff stopped in the middlle of the block upon a street railway track where a car running at the rate of 15 miles an hour might be expected at any moment, with the engines of his car running so that in a second of time he might have reached a place of safety, and remained in that position, with his head turned so that he did not see the approaching car until it was too late. The original act of negligence was continued until the catastrophe happened.

Judgment is affirmed.

STEERE, C. J., and BROOKE, J., concurred with MOORE, J.

KUHN, J. I cannot agree with the conclusion reached by my Brother MOORE that the doctrine of subsequent or discovered negligence does not apply in this case. While no witnesses were sworn for the defendant, it appears from this record that at the place where the collision occurred the track of the defendant company was straight and there was no difficulty for the motorman to see at least a distance of 340 feet. It also appears from the testimony of the plaintiff that no warning was given by the motorman of the approach of the car, and that he did not know that the car was upon him until it was within a few feet of his automobile. The motorman must have seen, if he was properly attending to the work devolving upon him in operating the car, the dangerous situation of the plaintiff, and he could easily have stopped the car after discovering the same and thus avoided

inflicting the injuries which resulted from the collision.

This court has held that the rights of the railroad company and the drivers of other vehicles upon the highway are mutual, and it seems to me that it was the duty of the motorman, considering the fact that the physical conditions were such that he had a clear view for 340 feet, when he discovered the situation of danger that the plaintiff was in, to bring his car to a stop and thus avoid the accident.

In the case of *Quirk* v. *Railway*, 130 Mich. 654, 656 (90 N. W. 673), this court said:

"This is not a steam railroad. The plaintiff was in no sense a trespasser. This railroad company occupies a portion of the public highway. Travelers have the right to continue to travel upon this highway, and are not to be treated as trespassers; and if, after discovering that the plaintiff was upon the track, the motorneer failed to take proper precautions to prevent injury to him, a precedent negligence of the plaintiff, if there was any, constitutes no defense."

See, also, *Montgomery* v. *Railway Co.*, 103 Mich. 46 (61 N. W. 543, 29 L. R. A. 287); *Manor* v. *Railway Co.*, 118 Mich. 1 (76 N. W. 139); *Rouse* v. *Railway*, 128 Mich. 149 (87 N. W. 68); *Ablard* v. *Railway*, 139 Mich. 248 (102 N. W. 741); Cooley on Torts, p. 674.

This question should have been submitted to the jury, and I am therefore of the opinion that the case should be reversed and a new trial granted.

McALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred with KUHN, J.